996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenny D. JOHNSON, Defendant-Appellant.
 No. 92-1752.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before MERRITT, Chief Judge, and GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is a direct appeal from a multiple-count criminal conviction in which the only issue raised concerns the sufficiency of the evidence on one count. Kenny D. Johnson was convicted after a jury trial of the following six counts: conspiracy to distribute crack cocaine (21 U.S.C. § 846); distribution of crack cocaine (21 U.S.C. § 841(a)(1)); possession with intent to distribute crack cocaine (21 U.S.C. § 841(a)(1)); conspiracy to use or carry a firearm in relation to drug trafficking (18 U.S.C. § 371); carrying a firearm in drug trafficking (18 U.S.C. § 924(c)); and, possession of an unregistered firearm (26 U.S.C. § 5861(d)). The court sentenced Johnson to an aggregate 183 month term of imprisonment and this appeal followed. Counsel for both sides have briefed the issues and have expressly waived oral argument.
 
 
 3
 Upon consideration, we find no error in the district court proceedings. Counsel for Johnson raises one claim on appeal, namely, that there was insufficient evidence adduced at trial to support Johnson's conviction for conspiracy to distribute crack cocaine. An examination of the record confirms the government's contention that Johnson has waived appellate review of this claim.
 
 
 4
 Johnson's trial counsel moved for a judgment of acquittal under Criminal Rule 29 only on Count 1 (conspiracy to distribute crack cocaine) at the close of the government's case-in-chief. Johnson's counsel did not, however, renew this motion at the close of the case for the defense nor after the government's rebuttal. The failure to renew the motion at the close of all the evidence means that Johnson waived his right to seek appellate review of this claim absent a manifest miscarriage of justice. United States v. Morrow, 977 F.2d 222, 230 (6th Cir.1992) (en banc) (and cases cited therein). There is no suggestion or evidence that Johnson's conviction of cocaine-related offenses could be said to be a miscarriage of justice. This appeal lacks merit.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.